WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA


G & G CLOSED CIRCUIT EVENTS, LLC,  )
                                   )
                    Plaintiff,     )
                                   )
         vs.                       )
                                   )
RICARDO AUGUSTO MIRANDA, et al.,   )
                                   )        No. 2:13-cv-2436-HRH
                    Defendants.    )
_____)

O R D E R

Motion to Dismiss

Defendant Ricardo Augusto Miranda moves to dismiss plaintiff's complaint.[1]  This motion is opposed.[2]  Oral argument has not been requested and is not deemed necessary.

Background

Plaintiff is G & G Closed Circuit Events, LLC.  Defendants are Ricardo Augusto Miranda, individually and dba Filberto's Mexican Food and Bar; and RJ Randa, Inc., an unknown business entity dba Filberto's Mexican Food and Bar.

_____

[1]Docket No. 14.

[2]Docket No. 15.

-1-

Plaintiff alleges that it had the "exclusive nationwide commercial distribution ... rights to Miguel Cotto v. Austin Trout, WBA World Light Middleweight Championship Fight Program,[3] telecast nationwide on Saturday, December 1, 2012...."[4]  Plaintiff alleges that it "entered into subsequent sublicensing agreements with various commercial entities ... by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the" Fight Program "within their respective commercial establishments in the hospitality industry...."[5]  Plaintiff alleges that although defendants knew they did not have a sublicense, they broadcast the Fight Program on December 1, 2012.[6]  Plaintiff alleges that defendants' conduct was unlawful and that defendants' unauthorized broadcast of the Fight Program "was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain."[7]  Plaintiff also alleges that defendants "tortiously obtained possession of the" Fight Program "and wrongfully converted same for their own use and benefit."[8]

---

[3]Miranda mistakenly refers to the Ultimate Fighting [C]hampionship 154: Georges St. Pierre v. Carlos Condit program on November 17, 2013 in his motion to dismiss.

[4]Complaint at 4, ¶ 16, Docket No. 1.

[5]Id. at 5, ¶ 17.

[6]Id. at 3-5, ¶¶ 11 & 19.

[7]Id.  at 5, ¶¶ 19-20.

[8]Id. at 8, ¶ 31.

In its complaint, plaintiff alleges three counts.  In Count I, plaintiff alleges that defendants violated 47 U.S.C. § 605, and in Count II, plaintiff alleges that defendants violated 47 U.S.C. § 553.  In Count III, plaintiff alleges a state law conversion claim.  For Count I, plaintiff seeks statutory damages of $110,000; and for Count II, plaintiff seeks statutory damages of $60,000.[9]  For Count III, plaintiff seeks compensatory damages as well as punitive and exemplary damages.[10]

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, defendant Miranda, proceeding pro se, now moves to dismiss plaintiff's complaint against him.

Discussion

"Rule 12(b)(6) authorizes courts to dismiss a complaint for 'failure to state a claim upon which relief can be granted.'"  In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d  869, 875 (9th Cir. 2012) (quoting Fed. R. Civ. P. 12(b)(6)).  "To avoid dismissal, the complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "[A] plaintiff must 'allege sufficient factual matter ... to state a claim to relief that is plausible on its face.'"  OSU Student Alliance v. Ray, 699 F.3d 1053, 1061 (9th Cir. 2012) (quoting Pinnacle Armor, Inc. v. United States, 648 F.3d 708, 721 (9th Cir. 2011)).  "In

---

[9]Id. at 8-9.

[10]Id. at 8, ¶ 33.

evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc, 671 F.3d 1138, 1142-43 (9th Cir. 2012).

In Counts I and II, plaintiff seeks relief pursuant to 47 U.S.C. § 605 and § 553. "Both statutes prohibit the unauthorized interception and exhibition of communications." J & J Sports Productions, Inc. v. Alvarez, Case No. 1:12–cv–01946–AWI–BAM, 2013 WL 6070412, at *3 (E.D. Cal. Nov. 18, 2013). "The common elements of both statutes require: 1) The plaintiff must show that the defendants intercepted a broadcast, 2) The plaintiff must show defendants were not authorized to intercept the broadcast, and 3) Defendants showed this broadcast to others." Id. "The primary distinction between the sections regards the manner in which a defendant intercepts a signal. Section 605 is violated upon interception of a signal transmitted via satellite, section 553 is violated upon interception of a signal transmitted via cable system." Id.

Miranda first argues that plaintiff cannot prove three of the allegations in its complaint: 1) that "the unlawful broadcast" of the Fight Program by Miranda "resulted in increased profits for Filberto's Mexican Food and Bar"[11], 2) that the alleged unlawful broadcast of the Fight Program was done with Miranda's "full knowledge";[12] and 3) that defendants

---

[11]Complaint at 4, ¶ 13, Docket No. 1.

[12]Id. at 5, ¶ 19.

"subjected [p]laintiff to severe economic distress and great financial loss."[13]  Miranda also

contends that these are nothing more than conclusory allegations for which plaintiff has not

alleged any factual support and argues that plaintiff's allegations are vague and ambiguous

because plaintiff repeatedly uses "and/or" in its complaint.  See J & J Sports Productions, Inc.

v. Torres, Case No. 6:09–cv–391–Orl-19DAB, 2009 WL 1774268, at *2-3 (M.D. Fla. June 22,

2009) (dismissing complaint against the defendant in her individual capacity because the

plaintiff's use of "and/or" made allegations of direct infringement ambiguous).

As plaintiff is quick to point out, it is not required to prove its allegations in order to

state a plausible claim.  Rather, it is required to provide sufficient factual support for its

allegations in order to make its claims plausible.  Although much of plaintiff's complaint

consists of nothing more than formulaic recitation of the elements of a § 605 claim and § 553

claim, plaintiff has alleged that defendants intercepted a specific broadcast, the Fight program,

on a specific day, December 1, 2012, to show at a specific commercial establishment, Filberto's

Mexican Food and Bar.  These allegations are sufficient to state plausible § 605 and § 553

claims.[14]

_____

[13]Id. at 8, ¶ 32.

[14]In his reply brief, Miranda argues that plaintiff has not stated a plausible § 605 claim
because plaintiff has failed to allege an interstate communication, which is necessary for a §
605 claim.  See Joe Hand Promotions, Inc. v. Sorota, Case No. 11–80985–CIV, 2012 WL 2414035
at *4 (S.D. Fla. June 26, 2012) ("section 605 has an interstate requirement").  The court will not
consider an argument raised for the first time in a reply brief.  Padgett v. Wright, 587 F.3d 983,
(continued...)

Miranda next argues that plaintiff's damage allegations for Counts I and II are nothing more than speculation. "Section 605 ... provides for statutory damages of 'not less than $1,000 or more than $10,000, as the court considers just.'" J & J Sports Productions, Inc. v. Arvizu, Case No. CV 12–550–TUC–FRZ, 2014 WL 199095, at *2 (D. Ariz. Jan. 17, 2014) (quoting 47 U.S.C. § 605(e)(3)(C)(i)(II)). "If 'the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000....'" Id. (quoting 47 U.S.C. § 605(e)(3)(C)(ii)). "Section 553 ... provides for statutory damages of 'not less than $250 or more than $10,000 as the court considers just.'" Id. (quoting 47 U.S.C. § 553(c)(3)(A)(ii)). "If 'the violation was committed willfully and for purposes of commercial advantage or private financial gain' damages may be enhanced by up to $50,000." Id. (quoting 47 U.S.C. § 553(c)(3)(B)). Plaintiff seeks $110,000 in damages for its § 605 claim and $60,000 for its § 553 claim.

Miranda argues that there is no proof of actual damages and that there is no evidence that would support a conclusion that any alleged violation of § 605 or § 553 was willful and for the purposes of commercial advantage. For example, in Don King Productions/Kingvision v. Carrera, Case No. C95–4545 THE, 1997 WL 362115, at *2 (N.D. Cal. June 24, 1997), the court

---

[14](...continued)
985 n.2  (9th Cir. 2009).

found that the defendant had not exhibited a program for the purposes of commercial advantage because "[t]he record reveals that there was no cover charge for admission to the bar, no promotional advertisements of the Program and no premium charges for food or drinks." Similarly here, Miranda argues that plaintiff has no proof that patrons at Filberto's were there on the night in question to watch the Fight program, as opposed to simply being there to patronize the restaurant. Miranda insists that plaintiff will not be able to discover any evidence of financial gain.

But, the question at this stage of the litigation is not whether plaintiff can prove its damages. The question is whether plaintiff has stated plausible claims, which, as discussed above, plaintiff has. That said, because plaintiff is seeking statutory damages, whether plaintiff has any proof of actual damages or has alleged sufficient factual support for a claim of actual damages is irrelevant. As for plaintiff's claim for enhanced damages for a willful violation, for purposes of the motion to dismiss, it is sufficient that plaintiff has alleged that defendants unlawfully exhibited the Fight Program. It is possible to infer from this fact that defendants' conduct was willful "because of the extreme unlikelihood that [d]efendant[s] inadvertently acquired the signal to display the fight[.]" J & J Sports Productions, Inc. v. Marcaida, Case No. 10–5125 SC, 2011 WL 2149923, at *3 (N.D. Cal. May 31, 2011); See also, Entertainment by J & J, Inc. v. Al-Waha Enterprises, Inc., 219 F. Supp. 2d 769, 776 (S.D. Tex.

2002) (observing that there is a "low probability that a commercial establishment could intercept such a broadcast merely by chance").

Miranda also argues that the damages that plaintiff has alleged for Counts I and II are excessive because plaintiff has alleged the statutory maximum. Miranda contends that "[i]n the absence of unusual or particularly egregious circumstances under which a defendant broadcast the fight, ... it would be inappropriate to award the statutory maximum." Don King Productions/Kingvision v. Maldonado, Case No. C–97–3530 WHO MED, 1998 WL 879683, at *1 (N.D. Cal. Dec. 11, 1998). But, this argument goes to the ultimate amount of damages that plaintiff may be able to recover, not to whether plaintiff has stated plausible § 605 and § 553 claims. Whether plaintiff may ultimately be entitled to the statutory maximum is a question for another day.

Miranda next argues that plaintiff cannot recover for under both § 605 and § 553, which is correct. But, "[w]hile [p]laintiff may not recover under both section 553 and section 605 for a single violation, [p]laintiff may state claims in the alternative pursuant to Rule 8(d) (3)." Joe Hand Promotions, Inc. v. Davis, Case No. C 11–6166 CW, 2012 WL 4803923, at *4 (N.D. Cal. Oct. 9, 2012). That is all plaintiff has done here. Plaintiff's complaint is not subject to dismissal because plaintiff has pled both a § 605 claim and a § 553 claim.

Miranda next argues that plaintiff has failed to allege sufficient facts to suggest that he can be sued in his individual capacity for violations of § 605 and § 553. Plaintiff's complaint

alleges that Miranda is liable for the conduct alleged therein both as an individual and as an officer of RJ Randa, Inc., "which owns and operates ... Filberto's Mexican Food and Bar...."[15] Miranda argues that the fact that he is allegedly an officer of RJ Randa, Inc., the owner and operator of the commercial entity in question, is not sufficient to establish individual liability. "[T]o establish vicarious liability of an individual shareholder [or officer] for a violation of § 553 or § 605, [a p]laintiff must show that: (1) the individual had a right and ability to supervise the infringing activities and (2) had an obvious and direct financial interest in those activities." J & J Sports Productions, Inc. v. Walia, Case No. 10–5136 SC, 2011 WL 902245, at *3 (N.D. Cal. March 14, 2011).  "[A]n individual's status as a shareholder or officer is insufficient to show that he or she had the requisite supervision authority or financial interest to warrant individual liability." Id.  "The plaintiff must allege that the defendant had supervisory power over the infringing conduct itself." Id.  And, "a plaintiff cannot merely allege that the shareholders [or officers] profit in some way from the profits of the corporation." Id.

Plaintiff argues that it has done more than simply allege that Miranda was an officer of RJ Randa, Inc.  Plaintiff has alleged that Miranda "is also an individual specifically identified on the Arizona Department of Liquor Licenses and Control license issued to Filberto's Mexican Food and Bar (ABC #12078603)."[16]  Plaintiff also alleges "that on December

---

[15]Complaint at 3, ¶¶ 7-8, Docket No. 1.

[16]Id. at ¶ 8.

1, 2012 ... Miranda had the right and ability to supervise the activities of Filberto's Mexican Food and Bar, which included the unlawful interception of" the Fight Program.[17]  Plaintiff further alleges that "Miranda, as an individual specifically identified on the liquor license for Filberto's Mexican Food and Bar, had the obligation to supervise the activities of Filberto's Mexican Food and Bar ... and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law."[18]  Plaintiff also alleges that "on December 1, 2012 ... Miranda specifically directed the employees of Filberto's Mexican Food and Bar to unlawfully intercept and broadcast" the Fight Program "at Filberto's Mexican Food and Bar or that the actions of the employees of Filberto's Mexican Food and Bar are directly imputed to ... Miranda by virtue of [his] acknowledged responsibility for the actions of Filberto's Mexican Food and Bar."[19]  Plaintiff alleges that "Miranda ... as an individual specifically identified on the liquor license for Filberto's Mexican Food and Bar, had an obvious and direct financial interest in the activities of Filberto's Mexican Food and Bar, which included the unlawful interception of" the Fight Program.[20]  And, plaintiff alleges that upon information

---

[17] Id. at ¶ 9.

[18] Id. at ¶ 10.

[19] Id. at 3-4, ¶ 11.

[20] Id. at 4, ¶ 12.

and belief, "the unlawful broadcast of" the Fight Program, "as supervised and/or authorized by ... Miranda resulted in increased profits for Filberto's Mexican Food and Bar."[21]

Plaintiff's allegations are similar to those in J & J Sports Productions, Inc. v. Munguia, Case No. 2:12-cv-01961-SRB (D. Ariz. July 3, 2013).[22] There, the plaintiff alleged that defendant Herencia Corporation was the owner/operator of La Reyna Bakery and that defendant Sigifredo Munguia was the president and sole director of Herencia. Id. at 2. The plaintiff further alleged that the defendants had unlawfully broadcast a fight program for which the plaintiff had the exclusive distribution rights. Id. Munguia moved to dismiss the plaintiff's claims against him personally. Id. at 4. The plaintiff had alleged that Munguia

> as the president and sole director of Herencia, had the right, ability, and "obligation to supervise the activities of La Reyna Bakery"; is responsible for all activities of La Reyna Bakery; "specifically directed the employees of La Reyna Bakery to unlawfully intercept and broadcast Plaintiff's Program" or is responsible for their actions; and authorized the illegal interception and exhibition of the Program for purposes of financial gain.

Id. at 4-5. The court found "that such allegations are sufficient to state a claim upon which relief may be granted and agree[d] with [the p]laintiff that further factual information is likely ascertainable only through discovery." Id. at 5.

---

[21]Id. at ¶ 13.

[22]A copy of this decision is attached to the Declaration of Thomas P. Riley [etc.], which is appended as Exhibit 1 to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss, Docket No. 15.

Similarly here, plaintiff's allegations are sufficient to state plausible claims against Miranda personally.  While plaintiff may discover more details about Miranda's specific duties and decisions as this case develops, plaintiff has adequately alleged that Miranda had the right and ability to supervise the infringing activity and that he had an obvious and direct financial interest in that activity.

Miranda next argues that plaintiff's conversion claim in Count III must be dismissed because the property at issue, satellite or cable signals, is not tangible property subject to conversion.[23]   In Arizona, "'[a]n action for conversion ordinarily lies only for personal property that is tangible, or to intangible property that is merged in, or identified with, some document.'"  Miller v. Hehlen, 104 P.3d 193, 203 (Ariz. Ct. App. 2005) (quoting 18 Am.Jur.2d, Conversion § 7 (2004)).  Miranda argues that plaintiff has not alleged that the satellite or cable signals were merged into a document and thus plaintiff has failed to state a claim for conversion under Arizona law.

As plaintiff is quick to point out, some courts in this district have allowed conversion claims in cases involving satellite signals.  See, e.g., J & J Sports Productions Inc. v. Mosqueda, Case No. CV–12–0523 PHX DGC,  2013 WL 2558516, at *3 (D. Ariz. June 11, 2013); J & J Sports Productions, Inc. v. Vargas, Case No. CV11–02229–PHX–JAT, 2013 WL 1249206, at *3-4 (D.

---

[23]In his reply brief, Miranda raises an argument that plaintiff's conversion claim is preempted by federal copyright law. Again, the court will not consider arguments raised for the first time in a reply brief.

Ariz. March 27, 2013); Innovative Sports Management, Inc. v. Gonzalez, Case No. CV–12–00381–PHX–PGR, 2012 WL 3762436, at *3 (D. Ariz. Aug. 29, 2012). But the defendants in these cases had not raised an argument that "Arizona courts [have] not extended the tort of conversion to intangible property such as television programming." Munguia, Case No. CV-12-01961-PHX-SRB, at 1. Here, Miranda has raised such an argument, which the court finds convincing. Arizona state courts have held that intangible property cannot be the subject of a conversion claim unless the intangible property has been merged into a document. Because plaintiff's intangible property has not been merged into a document, plaintiff's conversion claim must be dismissed.

Conclusion

Miranda's motion to dismiss[24] is granted in part and denied in part. Plaintiff's conversion claim in Count III is dismissed. Plaintiff is not given leave to amend as to this claim as amendment would be futile. Miranda's motion is otherwise denied.

DATED at Anchorage, Alaska, this 12th day of March, 2014.

/s/ H. Russel Holland
United States District Judge

---

[24]Docket No. 14.